**SO ORDERED.**

**SIGNED this 08 day of August, 2008.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                              CASE NO.

**CARMEN MARITZA FRANCO**                           05-04632-5-ATS

    **DEBTOR**

### ORDER ALLOWING OBJECTION TO CLAIM

The matter before the court is the objection filed by the chapter 13 debtor, Carmen Maritza Franco, to the claim (Claim #20) filed by Eduardo Caceres. A hearing was held in Raleigh, North Carolina on August 5, 2008.

This is a dispute between the chapter 13 debtor and her former boyfriend involving a late proof of claim covering both pre-bankruptcy and post-bankruptcy obligations. The pre-bankruptcy claims will be disallowed because the proof of claim was not filed timely, and the post-petition claims will not be allowed because they do not meet the requirements for allowance under 11 U.S.C. § 1305.

Ms. Franco and Mr. Caceres were living together in 2005 when the debtor filed her chapter 13 petition on October 7, 2005. Prior to her bankruptcy, the debtor transferred approximately $8,000 in credit card debt to her boyfriend's credit card account as a way of obtaining a lower interest rate. The debtor promised Mr. Caceres that she would continue to make payments on the card, and she

did make payments, both before and after her bankruptcy petition. Needless to say, the payments stopped when the relationship ended. The debtor's schedules did not list Mr. Caceres as a creditor, and Mr. Caceres, who knew the details of the debtor's bankruptcy, did not file a proof of claim until June 11, 2008, after the relationship terminated and well after the bar date for filing claims.

After the bankruptcy petition, but before the breakup, Mr. Caceres helped the debtor buy a 2007 Kia automobile for a purchase price of $23,000. The debtor had poor credit, and Mr. Caceres took title to the vehicle in his name and was primarily obligated on the purchase money loan. According to the Mr. Caceres, the debtor is responsible for paying the automobile loan. Mr. Caceres also maintains that he lent other sums to the debtor, but it is not clear whether these obligations were incurred by the debtor prior to or after her bankruptcy.

The debtor filed an objection to the Mr. Caceres' claim regarding the assumption of the credit card debts on the ground that the assumption was a gift. That assertion is contradicted by the fact that she paid more than $4,000 of that debt, but there is another compelling reason why the credit card debt should be denied: it was filed too late.

Rule 3002(c) of the Federal Rules of Bankruptcy Procedure provides that the time for filing proofs of claim in a chapter 13 case is not later than 90 days after the first date set for the meeting of creditors. In this case the deadline for filing proofs of claim was February 20, 2006. Rule 9006(b)(3) provides that the deadline set by Rule 3002(c) may be extended, but only to the extent and under the conditions stated in Rule 3002(c). Mr. Caceres contends that it would be unfair not to extend the deadline for him because he relied on the debtor's promise to pay her pre-petition debts to him. Unfortunately for Mr. Caceres, that is not one of the few conditions under Rule 3002(c) that would justify an extension. Accordingly, the proof of claim as it relates to pre-petition debts was

not timely filed, the objection is **ALLOWED**, and all of Mr. Caceres' pre-petition claims are disallowed.[1]  11 U.S.C. § 502(a)(9).  Even though the claim is disallowed, Ms. Franco's pre-petition debts to Mr. Caceres will be discharged along with other unsecured debts if a discharge is entered in this case.  Mr. Caceres may not have been listed as a creditor, but there is no doubt that he was aware at all relevant times of the pending bankruptcy case.  Mr. Caceres is enjoined by the automatic stay of 11 U.S.C. § 362(a)(1) and (6) from attempting to collect any pre-petition debt.

Mr. Caceres' claims for post-petition obligations will also be disallowed.  Post-petition claims may be allowed pursuant to § 1305, but only in very limited circumstances.  Post-petition taxes may be allowed under § 1305(a)(1) and consumer debts necessary for the debtor's performance under the plan may be allowed under § 1305(a)(2), but only if incurred with the prior approval of the chapter 13 trustee. 11 U.S.C. § 1305(c).  The trustee has not given his consent, and in fact the trustee supports the debtor's objection to the claim.  Accordingly, the objection is **ALLOWED** with respect to post-petition claims, and all of Mr. Caceres' post-petition claims are disallowed.

Unlike the debtor's pre-petition debts to Mr. Caceres, the post-petition debts will not be discharged by a discharge entered in this chapter 13 case.  In a sense this is to Mr. Caceres' benefit, because if the post-petition claims were allowed, he would receive a minimal dividend and the debts would have been discharged.  As it now stands, the collection of the post-petition debts are not

---

[1] Even if the pre-petition claims were allowed, the dividend that Mr. Caceres would have received would have been minimal.  The debtor's confirmed plan provided for monthly payments of $141 per month for 48 months, and the trustee estimated that unsecured creditors would receive less than 10% of their claims.

3

protected by the automatic stay and Mr. Caceres may pursue the collection of those debts in another court.[2]

**SO ORDERED**.

**END OF DOCUMENT**

---

[2]Apparently, Mr. Caceres brought an action in small claims court against Ms. Franco and was told that he would need to pursue his claims in the bankruptcy court. That is certainly true with respect to the pre-bankruptcy claims, but as to those claims that arose after October 7, 2005, the date of the bankruptcy petition, they are not protected by the automatic stay and Mr. Caceres is free to pursue them in state court if he chooses. The only caveat is that he may not collect any judgment from property of the bankruptcy estate because that is still protected by the automatic stay. 11 U.S.C. § 362(a)(3).